**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

BRUCE INGRAHAM and HOLLY INGRAHAM,

                              Plaintiffs,

                                                 1:20-CV-1190
               v.                               (GLS/DJS)

HARTFORD CONNICEUT INSURANCE,

                              Defendant.
_____

**APPEARANCES:**　　　　　　　　　　　　**OF COUNSEL:**

BRUCE INGRAHAM
Plaintiff, *Pro Se*
P.O. Box 861
2455 Route 8
Apartment 2
Lake Pleasant, New York 12108

HOLLY INGRAHAM
Plaintiff, *Pro Se*
P.O. Box 861
2455 Route 8
Apartment 2
Lake Pleasant, New York 12108

**DANIEL J. STEWART**
**United States Magistrate Judge**

## **REPORT-RECOMMENDATION and ORDER**

The Clerk has sent to the Court the *pro se* Complaint in this case for review under 28 U.S.C. § 1915(e). Dkt. No. 1. The court previously granted Plaintiff Holly Ingraham's Motion for Leave to Proceed *in forma pauperis*.[1]

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action.

In reviewing a *pro se* complaint, this Court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990), and should exercise "extreme caution . . . in ordering *sua sponte* dismissal of a *pro se* complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (emphasis in original) (citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

---

[1] Plaintiff Bruce Ingraham has not paid the filing fee nor sought *in forma pauperis* status. He is advised that his failure to do either may result in this matter being administratively closed as to him. *See* Dkt. No. 2.

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556). Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*. at 679 (quoting FED. R. CIV. P. 8(a)(2)). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id*. at 678 (further citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, for the proposition that Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 Fed. Appx. 102, 104 (2d Cir. 2009).

Furthermore, a court's initial review of a complaint under § 1915(e) must encompass the applicable standards of the Federal Rules of Civil Procedure. Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . . ;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

FED. R. CIV. P. 8(a). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer [and] prepare an adequate defense." *Hudson v. Artuz*, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995)). Moreover, Rule 10 of the Federal Rules of Civil Procedure provides, in part:

> **(b) Paragraphs; Separate Statements.** A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

FED. R. CIV. P. 10(b). The purpose of Rule 10 is to "provide an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" *Sandler v. Capanna*, 1992 WL 392597, at *3 (E.D. Pa. Dec. 17, 1992) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1323 at 735 (1990)).

A complaint that fails to comply with these Rules "presents far too heavy a burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of [the plaintiff's] claims," and may properly be dismissed by the court. *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). "Dismissal, however, is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Hudson v. Artuz*, 1998 WL 832708, at *2 (internal quotation marks omitted). In those cases in which the court dismisses a *pro se* complaint

for failure to comply with these Rules, it should afford the plaintiff leave to amend the complaint to state a claim that is on its face nonfrivolous. *See Simmons v. Abruzzo*, 49 F.3d 83, 86-87 (2d Cir. 1995).

The Complaint presently before the Court clearly fails to comply with Rules 8 and 10. It does not provide a basis for the Court's jurisdiction. The factual allegations appear to relate to an issue with Plaintiffs' automobile insurance, but also discusses various interactions with law enforcement. A number of other seemingly unrelated events, including the death of an attorney and Plaintiffs' experience receiving public assistance benefits are discussed in the Complaint, but the relevance of those facts to the stated causes of action identified by Plaintiffs is unclear.

Because in its current form the Complaint is not acceptable under Rules 8 and 10 of the Federal Rules of Civil Procedure and because Plaintiffs' claims are entirely unclear, it should be dismissed. However, in light of their *pro se* status, prior to outright dismissal, it is recommended that Plaintiffs be given an opportunity to amend the Complaint in order to comply with the basic pleading requirements set forth above.

Should Plaintiffs be directed by the District Judge to file an amended complaint, I offer the following guidance. Any such amended complaint, which shall supersede and replace in its entirety the previous Complaint filed by Plaintiffs, must contain a caption that clearly identifies, by name, each individual/entity that Plaintiffs are suing in the present lawsuit and must bear the case number assigned to this action. Plaintiffs must also clearly state the nature of the suit and the basis for this Court's jurisdiction. The body of the amended complaint must contain sequentially numbered paragraphs

containing only one act of misconduct per paragraph. Thus, if Plaintiffs claim that their rights were violated on more than one occasion, they should include a corresponding number of paragraphs in the amended complaint for each such allegation, with each paragraph specifying (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; (iv) where appropriate, the location where the alleged misconduct occurred; and, (v) the nexus between such misconduct and Plaintiffs' civil and/or constitutional rights.

Plaintiffs' amended complaint shall also assert claims against each and every Defendant named in such complaint; any Defendant not named in such pleading shall not be a Defendant in the instant action. Plaintiffs are further cautioned that no portion of any prior complaint shall be incorporated into the amended complaint by reference.

Plaintiffs are also advised that a *pro se* party may represent only himself or herself in litigation. *Hunt v. Conroy*, 2014 WL 1513871, at *6 (N.D.N.Y. Apr. 16, 2014) (citing *Lattanzio v. COMTA*, 481 F.3d 137, 139-40 (2d Cir. 2007)) ("It is well-settled that a person who has not been admitted to practice law may not represent anyone other than himself.").

**WHEREFORE**, it is hereby

**RECOMMENDED**, that Plaintiffs' Complaint be **DISMISSED, but that Plaintiffs be granted leave to replead**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[2] days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.</u>**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: October 29, 2020
      Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

[2] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections.  FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  FED. R. CIV. P. 6(a)(1)(C).