**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

BRUCE INGRAHAM and HOLLY INGRAHAM,

                        Plaintiffs,

           v.                                1:20-CV-1190
                                                  (GLS/DJS)

HARTFORD CONNICEUT INSURANCE,

                        Defendant.
_____

**APPEARANCES:**                                   **OF COUNSEL:**

BRUCE INGRAHAM
Plaintiff, _Pro Se_
Lake Pleasant, New York 12108

HOLLY INGRAHAM
Plaintiff, _Pro Se_
Lake Pleasant, New York 12108

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

      This Court previously recommended dismissal of the Complaint filed by Plaintiffs. Dkt. No. 10. The District Court adopted that recommendation, but afforded Plaintiffs thirty days in which to submit an Amended Complaint. Dkt. No. 13. The Amended Complaint, Dkt. No. 14, Am. Compl., is now before this Court for further review.

      Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed _in forma pauperis_, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state

a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  Thus, it is a court's responsibility to determine whether a plaintiff may properly maintain a complaint before permitting it to proceed further.

Plaintiffs' original Complaint was dismissed because it failed to comply with the basic pleading requirements of the Federal Rules of Civil Procedure.  Dkt. No. 10 at pp. 2-4.  Specifically, this Court noted that the Complaint failed to identify the basis for jurisdiction, was vague as to the nature of the claim, and failed to provide proper notice regarding the facts and legal theories underlying the claim.  *Id.* at p. 4.  Plaintiffs' Amended Complaint similarly fails to comply with basic pleading rules and should be dismissed.  The three page document does not incorporate the direction that the Plaintiffs provide an amended complaint in compliance with federal pleading standards.  *See generally* Am. Compl.; Dkt. No. 10 at pp. 4-5.  The factual and legal nature of the Amended Complaint remains entirely unclear.  It speaks of a lawsuit by Defendant against one of the Plaintiffs, alleged, but unspecified human rights violations, and references a claim of apparent unlawful surveillance.  *Id.*  It fails, however, to offer a specific legal theory on which Plaintiffs seek to proceed and thus fails to provide the required notice.

"[A] court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once 'when a liberal reading of the complaint gives any indication that a valid claim might be stated.'"  *Bruce v. Tompkins Cty. Dep't of Soc. Servs. ex rel. Kephart*, 2015 WL 151029, at *4 (N.D.N.Y. Jan. 7, 2015) (quoting *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991).  However, "a dismissal with prejudice is generally

appropriate where a court puts a plaintiff on notice of a complaint's deficiencies and the plaintiff fails to correct those deficiencies after amendment." *Abu Dhabi Commercial Bank v. Morgan Stanley & Co. Inc.*, 2009 WL 3346674, at *2 (S.D.N.Y. Oct. 15, 2009) (citing cases). Here, Plaintiffs were provided a prior opportunity to amend. Dkt. No. 13 Given the particular nature of the pleadings in this case, "[t]here is no basis to believe that granting leave to amend a second time would induce the plaintiff[s] to add the kind of allegations needed to establish a facially-plausible claim when [they] took no steps to do so with [the] first opportunity to amend." *Driessen v. Royal Bank Int'l*, 2015 WL 1245575, at *2 (D. Conn. Mar. 18, 2015) (citing cases). Under the circumstances presented here, the Court recommends that the Amended Complaint be dismissed with prejudice.

**WHEREFORE**, it is hereby

**RECOMMENDED**, that Plaintiffs' Amended Complaint be **DISMISSED**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[1] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN**

---

[1] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).

**FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: January 24, 2023
      Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge